S. LEONARD *v.* BENJAMIN HUDSON, Tutor.

Evidence may be received to show that a note which was given by the former tutor of a minor, in his own name, was in fact signed by him in his capacity of tutor, and that the consideration was a debt due by the minor. Such testimony does not contradict any part of the note, and will authorize a judgment on the note against another tutor to the minor subsequently appointed.

APPEAL from the District Court of St. Mary, *A. Voorhies,* J.

*H. C. Wilson,* for plaintiff.   *T. H. Lewis,* for defendant and appellant.

COLE., J.   This suit is instituted on a note for $1384 26 with 8 per cent. interest from the 1st of March, 1851, payable on the 1st of March, 1852, to plaintiff or his order.

It is alleged, that this note was made by *William Smith Gordy,* now deceased, as natural tutor of his minor children, for services rendered on the plantation, the right and title of which were vested in the said children.

This suit is instituted against *Benjamin Hudson,* the present tutor of said minors.

It is urged that evidence was inadmissible to prove, that this note was given by *W. S. Gordy,* as tutor to his minor children.

This evidence was admissible ; plaintiff had the right to establish in what capacity the note was signed ; such testimony does not contradict any part of the note.   Vide *Puscal* v. *Union Bank,* 9 A., 484.

The testimony shows, that the consideration of this note inured to the benefit of the minors ; they are then responsible therefor.   *Succession of Johnson,* 4 A., 253.

It is also urged, that the note sued on novated the debt due by the minors, and if the debt be not novated it is prescribed by three years.   This is incorrect ; the Civil Code, Art. 3503, provides, that the action for the salary of overseers is " prescribed by three years, unless there be an account acknowledged, a note or bond given, or an action commenced before that time."

As a note was given in the case at bar, the three years' prescription becomes inapplicable, and the case falls under the operation of Article 3505 of the Civil Code.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.